IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

JAMES A. MORGAN,

    Defendant.

CRIMINAL ACTION
NO. 12-23

## OPINION

Slomsky, J.                                                                                                                                             July 27, 2018

### I. INTRODUCTION

Before the Court is Defendant James A. Morgan's Motion to Reopen his criminal case pursuant to Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 95.) Defendant also has filed a Motion to Amend His Rule 60(b)(3) Motion (Doc. No. 96), a Motion for Appointment of Counsel (Doc. No. 97), a Motion for an Order for the Bureau of Prisons ("BOP") to Turn on His Email (Doc. No. 98), and a Motion for an Order to the Clerk to Send Him Documents for His Rule 60(b)(3) Motion (Doc No. 99). He also has filed a Motion for Leave to Proceed in Forma Pauperis on His Rule 60(b)(3) Motion (Doc. No. 100) and an Application to Appeal in Forma Pauperis (Doc. No. 101). For reasons that follow, Defendant's Motions (Doc. Nos. 95-101) will be denied.

### II. BACKGROUND

On January 28, 2013, Defendant entered into a Guilty Plea Agreement. (Doc. No. 50.) Pursuant to the appellate waiver provision of the Guilty Plea Agreement, Defendant waived his right to directly appeal and to collaterally attack his conviction or sentence, with certain exceptions. (Id. at 5.) The relevant provision of the Agreement states:

8. In exchange for the undertakings made by the government in entering this agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 18 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

   a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

   b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

      (1) the defendant's sentence on any count of his conviction exceeds the statutory maximum for that count set forth in paragraph 3 above;

      (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;

      (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court; and/or

      (4) The district court decided adversely to the defendant the following issue: The defendant's motion to suppress the search of defendant's home and computer and the statements made by the defendant at the time he was interviewed by agents from the Federal Bureau of Investigations.

   If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

(Id. at 5-6.)

On August 1, 2013, Defendant was sentenced to 126 months' imprisonment. (Doc. No. 60 at 3.) On April 23, 2014, following Defendant's timely Notice of Appeal, the Third Circuit affirmed Defendant's conviction and sentence. (Doc. No. 68.) On July 7, 2014, Defendant filed a pro se Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 69.) In his Motion, Defendant raised the following two constitutional claims: (1) the

2

Government violated Brady v. Maryland, 373 U.S. 83 (1963), because it failed to disclose exculpatory evidence, including a lab report titled "James Morgan; Innocent Images"; and (2) his counsel was ineffective for failing to argue on appeal that Defendant's conduct did not constitute "sexual activity" within the meaning of 18 U.S.C. § 2422(b).[1] (Id.) On July 25, 2014, the Government filed a Motion to Dismiss Defendant's Motion. (Doc. No. 71.)

On August 22, 2014, the Court issued an Opinion and Order granting the Government's Motion to Dismiss because the appellate waiver provision in Defendant's Guilty Plea Agreement precluded him from raising the claims in his Motion for the following two reasons: (1) Defendant knowingly and voluntarily entered into the Plea Agreement and the appellate waiver provision; and (2) enforcing the waiver provision against the two claims would not result in a miscarriage of justice. (Doc. No. 73.) During the guilty plea colloquy, the Court carefully reviewed each provision of the Agreement with Defendant and "ensured that [Defendant] was competent, that the plea agreement had been thoroughly explained to him, and that [Defendant] had a full opportunity to discuss the agreement with his lawyer and make an informed decision." (Id. at 10.) The relevant exchange was as follows:

> Court: Mr. Morgan, I want to go over the plea agreement with you. I'm not going to read every word of it, but I just want to make sure that you understand the essential terms. And the first thing I'm going to ask you to do is turn to page 7, and that's a signature page. Do you see it?
>
> Morgan: Yes.

---

[1] 18 U.S.C. § 2422(b) provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

3

Court: Is that your signature on there?

Morgan: Yes, it is.

* * *

Court: All right. Now, did you voluntarily sign the plea agreement?

Morgan: Yes.

Court: Did you read it before you signed it?

Morgan: Yes.

Court: Did you discuss the plea agreement thoroughly with your lawyer?

Morgan: Yes.

Court: And did [your lawyer] fully explain to you what the written plea agreement means?

Morgan: Yes.

Court: And have you had enough time to talk over the plea agreement with your lawyer?

Morgan: Yes.

* * *

Court: Now, paragraph 8 provides for what we call the appellate waiver. In other words, these are certain rights on appeal you give up by entering into this plea agreement. Do you understand?

Morgan: Yes.

Court: All right. And paragraph 8 on page 5 states, "In exchange for the undertakings made by the Government in entering this plea agreement," and that word undertaking is a fancy word for the promises the Government's making to you, "you voluntarily and expressly waive all rights to appeal or collaterally attack your conviction, sentence, or any other matter relating to this prosecution regardless of what provision of federal law it arises under." Do you understand?

Morgan: Yes.

Court: Now, the waiver is not intended to bar the assertion of a constitutional claim that relevant case law holds cannot be waived. Do you understand that?

Morgan: Yes.

4

Court: Now, there are certain exclusions, paragraph A, says that if the Government appeals from the sentence, then you can appeal from the sentence. Do you understand?

Morgan: Yes.

Court: And paragraph B says if the Government doesn't appeal, then you still can appeal, file a direct appeal, but you're limited on what you can raise. You can only raise three claims; number one, that your sentence on any count or conviction exceeds the statutory maximum for that count. Do you understand?

Morgan: Yes.

Court: All right. Number two, I'm going over to page 6, if the sentencing judge erroneously depart[s] upward pursuant to the sentencing guidelines, you can raise that on appeal. Do you understand?

Morgan: Yes.

Court: And the last one is that if the Court in exercising my discretion pursuant to this U.S. Supreme Court case, United States versus Booker that was decided in 2005, which essentially said that the sentencing guidelines, the federal sentencing guidelines are no longer mandatory, they're only advisory, and I have to consider them, but if I impose an unreasonable sentence above the final sentencing guideline range that I determine, you can raise that on appeal. Do you understand?

Morgan: Yes.

Court: All right. And there's a fourth exception you can raise on appeal. I think I said three originally, but there's four. If—you can raise on appeal that I decided adversely the following issue, the motion to suppress, the search of your home and computer, and statements made by you at the time you were interviewed by agents of the Federal Bureau of Investigation, you can raise that on appeal. Do you understand?

Morgan: Yes. Yes.

Court: All right. So if you appeal, pursuant to the paragraph we just read, and no issue may be presented by you on appeal, other than those described in this paragraph. Do you understand?

Morgan: Yes.

Court: Now, I want you to understand that subject to these very narrow exceptions, you're giving up your right to appeal both the validity of your guilty plea and the legality of your sentence. Do you understand?

5

Morgan: Yes.

* * *

Court: All right. So that's your plea agreement. Do you have any questions about it?

Morgan: No, I don't.

Court: You fully understand what's in it?

Morgan: Yes.

(Id. at 5-8 (alterations and omissions in original) (quoting N.T., Guilty Plea Hearing, January 28, 2013 at 7:8-18, 8:2-16, 16:14-19, 11:20:13-18.)).

In addition, the Court held in the Opinion dated August 22, 2014 that enforcing the waiver provision would not result in a miscarriage of justice because the report titled "James Morgan; Innocent Images" did not show that someone other than Defendant transmitted the pornographic images that were at issue in his criminal case. (Id. at 12.) Additionally, the fact that fifty-five CDs and DVDs the government seized contained no child pornography does not say anything about pornographic images stored on his computer and transmitted over the internet. (Id. at 12-13.)

Further, the Court held that no miscarriage of justice would result in enforcing the waiver provision barring Defendant's argument that his counsel was ineffective for failing to argue on appeal that his conduct did not amount to a violation of 18 U.S.C. § 2422(b). (Id. at 13.) The Court explained that because Defendant knowingly and voluntarily waived his right to appeal his conviction, sentence, or any other matter relating to his prosecution, it would have been a violation of the appellate waiver provision for his counsel to have raised this argument before the Third Circuit. (Id. at 13-14.)

On September 12, 2014, Defendant filed a Notice of Appeal from the Court Order dismissing his § 2255 Motion. (Doc. No. 78.) Five days later, the Third Circuit issued an Order remanding the case to this Court for the purpose of either issuing a Certificate of Appealability or stating reasons why a Certificate of Appealability should not issue. (Doc. No. 80.) The Third Circuit stayed the appeal pending the Court's determination. (Id.) That same day, the Court issued an Opinion and Order that no Certificate of Appealability would be issued because Defendant failed to make a substantial showing of a denial of a constitutional right in his § 2255 Motion. (Doc. No. 81.) Although the Third Circuit stayed Defendant's appeal pending the Court's determination, on October 8, 2014 Defendant nonetheless filed another Notice of Appeal from the Court Order dismissing his § 2255 Motion. (Doc. No. 87.)

Then, on October 14, 2014, Defendant filed a Petition for a Certificate of Appealability to Pursue a 28 U.S.C. § 2253(c)(3)(1). (Doc. No. 84.) On November, 11, 2014, Defendant filed a Pro Se Subliminal Motion to Pursue a Section 28 U.S.C. § 2253(c)(3) to Be Attached to His (COA) Certificate of Appealability. (Doc. No. 85.) On November 18, 2014, the Court denied both of Defendant's Motions for lack of jurisdiction because Defendant filed an appeal (Doc. No. 82) to the Third Circuit from both the denial of his § 2255 Motion (Doc. No. 74) and the denial of a Certificate of Appealability (Doc. No. 81). (Doc. No. 86.) The Court noted that to the extent that Defendant sought reconsideration of the denial of a Certificate of Appealability, his request was denied because he did not allege information sufficient to meet the standards for reconsideration. (Id.)

Thereafter, on May 11, 2015, the Third Circuit denied Defendant's request for a Certificate of Appealability and affirmed the Court Order dismissing Defendant's § 2255 Motion (Doc. No. 87). Defendant then filed several applications with the Third Circuit seeking an Order

7

authorizing the Court to consider a second or successive § 2255 motion, each of which was denied because he failed to demonstrate that his proposed second or successive motion rested on either a new rule of constitutional law or on newly discovered evidence sufficient to establish that no reasonable factfinder would have found him guilty. (Doc. Nos. 90-94.)

On March 9, 2018, following the multiple denials of his requests to file a successive § 2255 Motion, Defendant filed the instant pro se Motion to Reopen his criminal case pursuant to Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 95.) Although Defendant relinquished his right to appeal his conviction or sentence pursuant to his Guilty Plea Agreement, he contends that relief is justified. First, he asserts that the prosecution engaged in misconduct by failing to disclose all evidence to the Court, including images titled "James Morgan; Innocent Images." (Id. at 4-5.) Second, he argues that the prosecution engaged in fraud and misconduct to secure his conviction at both the Grand Jury Hearing and the Suppression Proceeding. (Id. at 9.) Specifically, he asserts that the prosecution "encouraged the witnesses to testify falsely" in front of the Grand Jury and that he "never reviewed or signed his statement on the 302" and "the proceedings should have been stopped then." (Id. at 14.)

Additionally, as noted above, Defendant filed a Motion to Amend His Rule 60(b)(3) Motion (Doc. No. 96), a Motion for Appointment of Counsel (Doc. No. 97), a Motion for an Order for the BOP to Turn on His Email (Doc. No. 98), and a Motion for an Order to the Clerk to Send Him Documents for His Rule 60(b)(3) Motion (Doc No. 99). He also has filed a Motion for Leave to Proceed in Forma Pauperis on Rule 60(b)(3) Motion (Doc. No. 100) and an Application to Appeal in Forma Pauperis (Doc. No. 101). The Court will address each motion in turn.

8

## III. ANALYSIS

### A. Defendant's Rule 60(b)(3) Motion Will Be Denied Because It Is an Unauthorized Successive Habeas Petition

Defendant asks the Court to grant relief under Rule 60(b)(3), which is the provision granting relief for fraud or misconduct. Defendant's Motion will be denied because, although in the guise of a true Rule 60(b) motion, it is in essence an unauthorized successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Federal Rule of Civil Procedure 60(b)(3) allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the movant must, by clear and convincing evidence, "establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983) (citing Rozier v. Ford Motor Co., 573 F.2d 1332. 1341 (5th Cir. 1978)). "Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." Id. (citing Montgomery v. Hall, 592 F.2d 278, 279 (5th Cir. 1979)). "Importantly, the movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Kiburz v. Sec'y, U.S. Dep't of the Navy, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting Bohus v. Beloff, 950 F.2d 919, 929 (3d Cir. 1991)).

Given that Defendant has already filed a § 2255 Motion, the Court only has jurisdiction to consider his Rule 60(b)(3) Motion if it is "a true Rule 60(b) motion and not an attempt to circumvent the requirements for filing a new § 2255 motion." United States v. Donahue, Nos.

17-2390 & 17-2391, 2018 WL 2149181, at *1-2 (3d Cir. May 10, 2018) (citing Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002)).

Under certain circumstances, a Rule 60(b) motion may amount to a successive § 2255 motion. The Third Circuit has provided the following guidance for addressing Rule 60(b) motions that are potentially successive habeas petitions:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the defendant's underlying conviction, the motion should be treated as a successive habeas petition.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). A Rule 60(b) motion amounts to a successive habeas petition, and thus is subject to the limitations of AEDPA, if it "attacks the federal court's previous resolution of a claim on the merits" rather than attacking "some defect in the integrity of the federal habeas proceedings." United States. v. Andrews, 463 F. App'x 169, 171 (3d Cir. 2012) (emphasis in original) (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

Pursuant to AEDPA, this Court may only consider a successive § 2255 motion if defendant obtains an order from the Court of Appeals certifying that the motion may proceed. See In re Hoffner, 870 F.3d 301, 306 (3d Cir. 2017) (stating that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals" (quoting 28 U.S.C. § 2255(h))).

Here, Defendant's Rule 60(b)(3) Motion is an unauthorized successive § 2255 motion. As noted, Defendant advances two claims for relief under Rule 60(b)(3). First, he contends that the prosecution secured his conviction by engaging in misconduct because it failed to disclose all evidence to the Court, including images titled "James Morgan; Innocent Images." (Doc. No. 95 at 4-5.) This allegation is nearly identical to the claim in his original § 2255 Motion, which was

already adjudicated on the merits and affirmed by the Third Circuit. (Doc. Nos. 74, 87.) Second, he argues that the prosecution secured his conviction by engaging in fraud and misconduct at the Grand Jury Hearing and at the Suppression Proceeding. (Doc. No. 95 at 9.) He asserts that the prosecution "encouraged the witnesses to testify falsely" in front of the Grand Jury and that he "never reviewed or signed his statement on the 302" and "the proceedings should have been stopped then." (Id. at 14.) These claims render Defendant's Rule 60(b)(3) Motion a successive § 2255 motion because they attack his underlying conviction rather than a procedural defect in a prior habeas proceeding.

Accordingly, Defendant's Motion is a successive § 2255 motion and not a true Rule 60(b) motion because both of his arguments are aimed at overturning his conviction. Because the Third Circuit has not certified that Defendant may file the instant second or successive § 2255 motion, this Court does not have jurisdiction to consider it. See Lugo v. Zickefoose, 427 F. App'x 89, 92 (3d Cir. 2011) (per curiam) (holding that district court lacked subject matter jurisdiction over the second or successive § 2255 motion because defendant did not obtain prior authorization from court of appeals). Therefore, it is an unauthorized successive § 2255 motion under AEDPA, and Defendant's Rule 60(b)(3) Motion will be denied.

The Court also notes that even if Defendant's Motion were not a second or successive § 2255 motion, he still is not entitled to relief because the claims he is raising are not covered exceptions in the appellate waiver provision. Nor would the enforcement of the appellate waiver provision to the claims asserted in the Rule 60(b)(3) Motion result in a miscarriage of justice. (Doc. No. 73 at 13-14.) Accordingly, even if the instant Motion were not a second or successive § 2255 motion, Defendant would not be entitled to the relief that he seeks because his claims are

not covered exceptions to the appellate waiver provision and he has waived any right to bring them.

### B. Defendant's Additional Motions Will Be Denied

First, Defendant's Motion for Appointment of Counsel (Doc. No. 97) and Motion to Order the Clerk to Send Him Documents (Doc. No. 99) will be denied because they are ancillary to his Rule 60(b)(3) Motion, which is being denied.

Second, the Court will deny Defendant's Motion for Leave to Proceed in Forma Pauperis on Rule 60(b)(3) Motion (Doc. No. 100) and Application to Appeal in Forma Pauperis (Doc. No. 101) because there is no merit to his contentions. The Court also will deny Defendant's Motion to Amend His Rule 60(b)(3) Motion (Doc. No. 96) because the proposed amendments will not affect the Court's decision with respect to his Rule 60(b)(3) Motion (Doc. No. 95).

Finally, Defendant's Motion to Order the BOP to Turn on His Email (Doc. No. 98) will be denied because this Court does not have jurisdiction to consider it. Federal statutes, 28 U.S.C § 2241 and § 2255, "confer jurisdiction over habeas petitions filed by federal inmates." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). Section 2255 confers jurisdiction over challenges to the validity of a federal prisoner's sentence while § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Id. (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)). The Third Circuit has defined execution as meaning "to 'put into effect' or 'carry out.'" Id. at 536 (quoting Woodall, 432 F.3d at 243). The proper venue in which to bring a § 2241 petition "is the District in which the inmate is confined." Lewis v. Warden Allenwood FCI, 719 F. App'x 92, 94 (3d Cir. 2017) (per curiam) (citing Rumsfeld v. Padilla, 542 U.S. 426 (2004)).

Here, Defendant's Motion opposes the BOP's decision to prohibit his email access, which challenges a condition of his confinement which is part of the execution of his sentence. Since

Defendant is currently in custody at the Federal Correctional Institution located in Petersburg, Virginia, the Court does not have jurisdiction over his claim about the withholding of his email.

## IV. CONCLUSION

For all the foregoing reasons, Defendant's Motions (Doc. Nos. 95-101) will be denied. An appropriate Order follows.